Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200
N Las Vegas, NV, 89032
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

Attorney for Plaintiff,
GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE,<br><br>Plaintiff,<br><br>v.<br><br>RABERCOM ENTERPRISES LLC d/b/a LEE BAILEY'S EURWEB.COM; HARVEY LEE BAILEY, individually; and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. **2:25-cv-7364**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive"), by and through its undersigned counsel, brings this Complaint against Defendants Rabercom Enterprises LLC ("Rabercom Enterprises") d/b/a Lee Bailey's Eurweb.com ("EURweb.com") and Harvey Lee Bailey (Bailey) (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

# PARTIES

2. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive is a corporation organized and existing under the laws of Delaware with a place of business at 433 Broadway, Suite 420, New York, New York 10013.

3. Upon information and belief, Defendant Rabercom Enterprises LLC is a California limited liability company organized and existing under the laws of California with a principal place of business at 4210 Via Arbolada Street, Suite 319, Los Angeles, California 90042 and doing business under the tradename Lee Bailey's Eurweb.com.

4. Upon information and belief, Defendant Harvey Lee Bailey is an individual residing and/or transacting business in the state of California and is, or was, at all relevant times the principal officer, owner, or member of Defendant Rabercom Enterprises LLC d/b/a Lee Bailey's EURweb.com.

5. The true names and capacities of Defendants Does 1 through 10, are presently unknown to Plaintiff, and for that reason, Plaintiff sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained

6. For the purposes of this Complaint, unless otherwise indicated, "Defendant" and "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

# JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

8. This court has personal jurisdiction over Defendants because Defendants have a physical presence in the State of California and/or Defendants transact business in the State of California, including this judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States and Defendants or their agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Trunk Archive, Annie Leibovitz, and the Leibovitz Photographs*

10. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

11. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

12. One of Trunk Archive's most prominent American portrait photographers is Annie Leibovitz ("Leibovitz").

13. Leibovitz is one of the world's best known and most accomplished portrait photographers. She is primarily known for her celebrity portraiture, with her work having been featured on numerous album covers and magazines.

14. Leibovitz's work has also been exhibited in prominent galleries and museums, including the Smithsonian Institute's National Portrait Gallery in Washington, DC.

15. Leibovitz licenses her work for a fee.

16. Leibovitz's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Leibovitz's work is intended to deter would-be infringers from copying and profiting from her work without permission.

17. Leibovitz is the sole author and rights-holder to four photographs: (1) a photograph of Caitlyn Jenner in a black-print dress with a black leather jacket hanging from her shoulders ("Jenner Photograph 1"); (2) a photograph of Caitlyn Jenner in a long black gown with the shoulder straps of the gown hanging from her shoulders ("Jenner Photograph 2") (collectively, the "Jenner Photographs"); (3) a photograph of Rihanna in a gold metallic gown ("Rihanna Photograph"); and (4) a photograph of Lena Waithe sitting on a couch ("Waithe") (collectively, the "Leibovitz Photographs").

18. Attached hereto as Exhibit A are true and correct copies of the Leibovitz Photographs.

19. Leibovitz registered the Leibovitz Photographs with the United States Copyright Office.

20. The Jenner Photographs were first published on June 1, 2015 and Leibovitz registered the Jenner Photographs under Registration No. VA 1-977-805 with an Effective Date of Registration of August 7, 2015.

21. Attached hereto as Exhibit B is a true and correct copy of Registration No. 1-977-805.

22. The Rihanna Photograph was first published on October 1, 2015 and Leibovitz registered the Rihanna Photograph under Registration No. VA 2-317-680 with an Effective Date of Registration of October 22, 2015.

23. Attached hereto as Exhibit C is a true and correct copy of Registration No. 2-317-680.

24. The Waithe Photograph was first published in 2018 and Leibovitz registered the Waithe Photograph under Registration No. VA 2-315-139 with an Effective Date of Registration of August 4, 2022.

25. Attached hereto as Exhibit D is a true and correct copy of Registration No. 2-315-139.

26. Leibovitz subsequently granted Trunk Archive the exclusive right to license the Leibovitz Photographs.

***Defendants Eurweb.com and Bailey***

27. Upon information and belief, Defendant Bailey is the principal officer, owner, or member of Rabercom Enterprises.

28. Upon information and belief, Defendant Rabercom Enterprises is doing business under the tradename Lee Bailey's Eurweb.com.

29. EURweb.com is a digital business providing entertainment journalism on the internet and can be found at https://eurweb.com/ ("EURweb.com Website").

30. Upon information and believe Defendants Rabercom Enterprises and Bailey own and operate the EURweb.com Website.

31. According to Defendant Bailey's LinkedIn page ("Bailey LinkedIn Page"), found at https://www.linkedin.com/in/leebaileyeur/, "EUR" is an acronym for Everything Urban + Radioscope, and Defendants Rabercom Enterprises and Bailey "strive to be the Internet's foremost information source for Black/urban entertainment, sports, politics, and opinion."

32. Attached hereto as Exhibit E is a true and correct screenshot of the Bailey LinkedIn Page.

33. According to a June 29, 2025 article on the Eurweb.com Website, titled *Lee Bailey's EURweb Honored as One of the Top 40 Black Entertainment Blogs by FeedSpot* and found at https://eurweb.com/2025/lee-baileys-eurweb-feedspot/, FeedSpot's founder selected and included EURweb.com in FeedSpot's list of the Top 40 Black Entertainment Blogs, and the selection was determined by factors such as content quality, consistency, reader engagement, and social media influence.

34. Defendants Rabercom Enterprises and Bailey generate content on the EURweb.com Website for commercial purposes.

35. Upon information and belief, the EURweb.com Website is monetized through content colloquially known as "clickbait."

36. As the name implies, "clickbait" is generally defined as content whose main purpose is to attract attention and encourage Internet users to click on a link to

5

a particular web page thereby maximizing revenue for the website owner from advertisers who pay for unique visitor impressions. "Clickbait" is generally produced with minimal effort, especially at the expense of quality or accuracy, by relying on misappropriated and unoriginal content coupled with catchy or sensationalistic headlines.

37. At all relevant times, Defendants Rabercom Enterprises and Bailey had the ability to supervise and control all content on the EURweb.com Website.

38. At all relevant times, Defendants Rabercom Enterprises and Bailey had a direct financial interest in the content and activities of the EURweb.com Website (including the activities alleged in this Complaint).

39. At all relevant times, the EURweb.com Website was readily accessible to the general public throughout California, the United States, and the world.

40. At all relevant times, the Defendants named in this Complaint (including Rabercom Enterprises and Bailey) were acting as agents and alter egos for each other, with respect to the activities alleged in this Complaint, and are thus each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in this Complaint.

***Defendant Rabercom Enterprises and Defendant Bailey's Willful, Unauthorized Use of the Leibovitz Photographs***

41. On or about August 10, 2022, Trunk Archive discovered the Jenner Photograph 1 being used by Defendants Rabercom and Bailey on the EURweb.com Website in a January 15, 2017 article entitled *Caitlyn Jenner: Trans Reality Star Planning Nude Photo Shoot* ("Jenner Photograph 1 Article").

42. Attached hereto as Exhibit F is a true and correct screenshot of the Jenner Photograph 1 as used on the Eurweb.com Webpage in the Jenner Photograph 1 Article.

43. On or about August 19, 2022, Trunk Archive discovered the Jenner Photograph 2 being used by Defendants Rabercom and Bailey on the EURweb.com Website in a Jun 2, 2015 article entitled *Does Caitlyn Jenner Really Deserve ESPY'S*

*Aurthur Ashe Courage Award?* ("Jenner Photograph 2 Article").

44. Attached hereto as Exhibit G is a true and correct screenshot of the Jenner Photograph 2 as used on the Eurweb.com Webpage in the Jenner Photograph 2 Article.

45. On or about August 19, 2022, Trunk Archive discovered the Rihanna Photograph being used by Defendants Rabercom and Bailey on the EURweb.com Website in an October 6, 2015 article entitled *Rihanna Talks Casual Sex, Rachel Dolezal, Wanting to Change Chris Brown* ("Rihanna Photograph Article").

46. Attached hereto as Exhibit H is a true and correct screenshot of the Rihanna Photograph as used on the Eurweb.com Webpage in the Rihanna Photograph Article.

47. On or about August 19, 2022, Trunk Archive discovered the Waithe Photograph being used by Defendants Rabercom and Bailey on the EURweb.com Website in an April 7, 2018 article entitled *Lena Waithe Opens Up About Her Wedding Planning – Jamie Fox Recalls How Suge Knight Had Him 'Scared As Hell* ("Waithe Photograph Article").

48. Attached hereto as Exhibit I is a true and correct screenshot of the Jenner Photograph 1 as used on the Eurweb.com Webpage in the Waithe Photograph Article.

49. In no event did Trunk Archive or Leibovitz grant Defendants Rabercom Enterprises or Bailey a license, permission, or authorization to use, make a copy of, or publicly display the Leibovitz Photographs on the EURweb.com Website or in any other manner.

50. Upon information and belief, Defendants Rabercom Enterprises and Bailey (including their agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Leibovitz Photographs and caused them to be uploaded to and displayed on the EURweb.com Website.

51. Upon information and belief, Defendants Rabercom Enterprises and Bailey (including their employees, agents, contractors, or others over whom they

7

have responsibility and control) used, displayed, published, and otherwise held out to the public Leibovitz's original and unique Leibovitz Photographs for commercial benefit and acquired monetary gain and market benefit as a result of use of the Leibovitz Photographs on the EURweb.com Website.

52. Specifically, the purpose of the use of the Leibovitz Photographs on the EURweb.com Website was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of Defendants Rabercom Enterprises and Bailey's marketing message; to support Defendants Rabercom Enterprises and Bailey's marketing goals to be the Internet's foremost information source for Black/urban entertainment, sports, politics, and opinion; and to entice users to browse through the EURweb.com Website and ultimately click on the clickbait advertising which would generate revenue for Defendant Duke.

53. Upon information and belief, Defendants Rabercom Enterprises and Bailey's use of the Leibovitz Photographs was deliberate and willful because they are in the journalism and media industry and are sophisticated with regard to a copyright owner's rights in a photograph to know, or should have known, they did not have a legitimate license or permission to use the Leibovitz Photographs.

54. After discovering the unauthorized use of the Leibovitz Photograph, Trunk Archive, through counsel, sent cease and desist correspondence to Defendants and communicated with Defendants counsel by email and telephone in an attempt to resolve this matter, but the parties were unable to resolve the matter.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Leibovitz owns a valid copyright in the Leibovitz Photographs.

57. Leibovitz registered the Leibovitz Photographs with the Register of

Copyrights pursuant to 17 U.S.C. § 411(a).

58. Leibovitz granted Plaintiff Trunk Archive the exclusive right to license the Leibovitz Photographs.

59. Defendants (including their agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of and displayed Leibovitz's unique and original Leibovitz Photographs without Trunk Archive's or Leibovitz's consent or authorization in violation of 17 U.S.C. § 501.

60. Defendants willfully infringed upon Plaintiff Trunk Archive and Leibovitz's rights in the copyrighted Leibovitz Photographs in violation of Title 17 of the U.S. Code.

61. As a result of Defendants violations of Title 17 of the U.S. Code, Plaintiff Trunk Archive and Leibovitz have sustained significant injury and irreparable harm.

62. Plaintiff Trunk Archive is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) for any timely registered photographs or, at Trunk Archive's election, statutory damages pursuant to 17 U.S.C. § 504(c).

63. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

64. Plaintiff Trunk Archive is also entitled to injunctive relief to prevent or restrain infringement of Leibovitz's copyrights pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

65. Plaintiff Trunk Archive hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

- For a finding that Defendants infringed Leibovitz's copyright interest in the Leibovitz Photographs by copying, displaying, and distributing it without a license or consent;

- For a finding that Defendants conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff Trunk Archive's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c) for the photographs that were timely registered;

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For an injunction preventing Defendants from further infringement of all of Leibovitz's copyrighted works pursuant to 17 U.S.C. § 502;

- For pre judgment and post judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated:        August 8, 2025                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne #200
N Las Vegas, NV, 89032
(714) 617-8350
(714) 597-6559 facsimile
mhigbee@higbeeassociates.com
*Counsel for Plaintiff*