J. CURTIS EDMONDSON (SBN 236105)
Edmondson IP Law
Beaverton Plaza Building
3720 SW 141st Avenue, Suite 212
Beaverton, OR 97005
Phone: (503) 336-3749
Email: jcedmondson@edmolaw.com
*Attorney for Defendants*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE, <br><br> vs. <br><br> RABERCOM ENTERPRISES LLC d/b/a LEE BAILEY'S EURWEB.COM; HARVEY LEE BAILEY, individually; and DOES 1 through 10 inclusive, <br><br> Defendant. | Case No 2:25-cv-07364-PA-PVC <br><br> DEFENDANT RABERCOM ENTERPRISES LLC d/b/a LEE BAILEY'S EURWEB.COM AND HARVEY LEE BAILEY ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT <br><br> JURY TRIAL DEMAND <br><br> Hon. Percy Anderson <br> Hon. Pedro V. Castillo <br><br> Complaint Filed: 8/8/2025 |

Defendant RABERCOM ENTERPRISES LLC d/b/a LEE BAILEY'S EURWEB.COM (hereinafter "Rabercom") and HARVEY LEE BAILEY, (hereinafter "Bailey") by and through counsel hereby answers Plaintiff GREAT BOWERY, INC. d/b/a TRUNK ARCHIVE ("Trunk Archive") complaint for copyright infringement and asserts defendant's affirmative defenses.

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

1

# NATURE OF THE ACTION

1. With regard to paragraph 1 of Trunk Archive's complaint, Bailey and Rabercom admit that the document summarizes the nature of the claim but they do not admit liability.

# PARTIES

2. With regard to paragraph 2 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

3. With regard to paragraph 3 of Trunk Archive's complaint, admitted as to Rabercom's identity and address.

4. With regard to paragraph 4 of Trunk Archive's complaint, admitted as to Bailey's identity and address.

5. With regard to paragraph 5 of Trunk Archive's complaint, Bailey and Rabercom have no knowledge of the Does 1 through 10, so can neither admit nor deny, so therefore deny.

6. With regard to paragraph 6 of Trunk Archive's complaint, this appears to be a definitional paragraph, so can neither admit nor deny, so therefore deny.

# JURISDICTION AND VENUE

7. With regard to paragraph 7 of Trunk Archive's complaint, Bailey and Rabercom do not contest that this court has exclusive jurisdiction on a copyright claim.

8. With regard to paragraph 8 of Trunk Archive's complaint, jurisdiction not contested, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

9. With regard to paragraph 9 of Trunk Archive's complaint, venue is not contested, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

## FACTUAL ALLEGATIONS

10. With regard to paragraph 10 of Trunk Archive's complaint, Bailey and Rabercom have no knowledge of the allegations made, so therefore denies the allegations made.

11. With regard to paragraph 11 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

12. With regard to paragraph 12 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

13. With regard to paragraph 13 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

14. With regard to paragraph 14, of Trunk Archive's complaint Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

15. With regard to paragraph 15 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

16. With regard to paragraph 16, of Trunk Archive's complaint Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

17. With regard to paragraph 17 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

18. With regard to paragraph 18 and Exhibit A of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

19. With regard to paragraph 19 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

20. With regard to paragraph 20 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

21. With regard to paragraph 21 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

22. With regard to paragraph 22 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

23. With regard to paragraph 23 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

24. With regard to paragraph 24 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein so therefore denies the allegations made.

25. With regard to paragraph 25 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

26. With regard to paragraph 26 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

27. With regard to paragraph 27 of Trunk Archive's complaint, Bailey and Rabercom admit.

28. With regard to paragraph 28 of Trunk Archive's complaint, Bailey and Rabercom admit.

29. With regard to paragraph 29 of Trunk Archive's complaint, Bailey and Rabercom admit.

30. With regard to paragraph 30 of Trunk Archive's complaint, Bailey and Rabercom admit.

31. With regard to paragraph 31 of Trunk Archive's complaint, Bailey and Rabercom admit.

32. With regard to paragraph 32 of Trunk Archive's complaint, Bailey and Rabercom admit.

33. With regard to paragraph 33 of Trunk Archive's complaint, Bailey and Rabercom admit.

34. With regard to paragraph 34 of Trunk Archive's complaint, Bailey and Rabercom admit the website has revenue, but it is not profitable.

35. With regard to paragraph 35 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

36. With regard to paragraph 36 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

37. With regard to paragraph 37 of Trunk Archive's complaint, Bailey and Rabercom admit.

38. With regard to paragraph 38 of Trunk Archive's complaint, Bailey denies and Rabercom admit.

39. With regard to paragraph 39 of Trunk Archive's complaint, Bailey and Rabercom admit.

40. With regard to paragraph 40 of Trunk Archive's complaint, Bailey and Rabercom deny.

41. With regard to paragraph 41 of Trunk Archive's complaint, Bailey and Rabercom admit the EURweb.com website existed on January 15, 2017, but have no specific knowledge of when Trunk Archive discovered the "Jenner Photograph 1", so therefore deny..

42. With regard to paragraph 42 of Trunk Archive's complaint, Bailey and Rabercom admit that this is a screenshot, but have no knowledge of when Trunk Archive took the Eurweb.com screen shot, so therefore denies the allegations made.

43. With regard to paragraph 43 of Trunk Archive's complaint, Bailey and Rabercom admit the EURweb.com website existed on June 2, 2015, but have no specific knowledge of when Trunk Archive discovered the "Jenner Photograph 2", so therefore deny.

44. With regard to paragraph 44 of Trunk Archive's complaint, Bailey and Rabercom admit that this is a screenshot, but have no knowledge of when Trunk Archive took the Eurweb.com screen shot, so therefore denies the allegations made.

45. With regard to paragraph 45 of Trunk Archive's complaint, Bailey and Rabercom admit that this is a screenshot, but have no knowledge of when Trunk Archive took the Eurweb.com screen shot, so therefore denies the allegations made.

46. With regard to paragraph 46 of Trunk Archive's complaint, Bailey and Rabercom admit the EURweb.com website existed on October 6, 2015 but have no specific knowledge of when Trunk Archive discovered the "Rianna Photograph Article", so therefore deny.

47. With regard to paragraph 47 of Trunk Archive's complaint, Bailey and Rabercom admit that this is a screenshot, but have no knowledge of when Trunk Archive took the Eurweb.com screen shot, so therefore denies the allegations made.

48. With regard to paragraph 46 of Trunk Archive's complaint, Bailey and Rabercom admit the EURweb.com website existed on

1  April 7, 2018 but have no specific knowledge of when Trunk Archive discovered the
2  "Waithe Photograph Article", so therefore deny.
3       49.    With regard to paragraph 49 of Trunk Archive's complaint, Bailey and
4  Rabercom have no specific knowledge of the allegations made herein, so therefore
5  denies the allegations made.
6       50.    With regard to paragraph 50 of Trunk Archive's complaint, Bailey and
7  Rabercom have no specific knowledge of the allegations made herein, so therefore
8  denies the allegations made.
9       51.    With regard to paragraph 51 of Trunk Archive's complaint, Bailey and
10 Rabercom denies.
11      52.    With regard to paragraph 52 of Trunk Archive's complaint, Bailey and
12 Rabercom denies.
13      53.    With regard to paragraph 53 of Trunk Archive's complaint, Bailey and
14 Rabercom denies.
15      54.    With regard to paragraph 54 of Trunk Archive's complaint, Bailey and
16 Rabercom admits.

## FIRST CAUSE OF ACTION
### Copyright Infringement

20      55.    With regard to paragraph 55 of Trunk Archive's complaint, Bailey and
21 Rabercom incorporates by reference the statements made in paragraphs 1-54 in this
22 Answer.
23      56.    With regard to paragraph 56 of Trunk Archive's complaint, Bailey and
24 Rabercom have no specific knowledge of the allegations made herein, so therefore
25 denies the allegations made.
26      57.    With regard to paragraph 57 of Trunk Archive's complaint, Bailey and
27 Rabercom have no specific knowledge of the allegations made herein, so therefore
28 denies the allegations made.

58. With regard to paragraph 58 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

59. With regard to paragraph 59 of Trunk Archive's complaint, Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

60. With regard to paragraph 60 of Trunk Archive's complaint, Bailey and Rabercom denies.

61. With regard to paragraph 61 of Trunk Archive's complaint Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made Bailey and Rabercom have no specific knowledge of the allegations made herein, so therefore denies the allegations made.

62. With regard to paragraph 62 of Trunk Archive's complaint, Bailey and Rabercom cannot admit or deny as this is largely a statement of law, but to the extent a remedy is alleged, denies.

63. With regard to paragraph 63 of Trunk Archive's complaint, Bailey and Rabercom cannot admit or deny as this is largely a statement of law, but to the extent a remedy is alleged, denies.

64. With regard to paragraph 64 of Trunk Archive's complaint, Bailey and Rabercom cannot admit or deny as this is largely a statement of law, but to the extent a remedy is alleged, denies.

65. With regard to paragraph 65 of Trunk Archive's complaint, Bailey and Rabercom also demand a Jury Trial.

WHEREFORE, Bailey and Rabercom respectfully requests that Trunk Archive be denied such relief as requested in their prayer of the complaint, and award Bailey

and Rabercom reasonable attorney fees and costs pursuant to statute and any other relief this Court may grant.

# AFFIRMATIVE DEFENSES

While Bailey and Rabercom has not infringed the works at issue, he is raising these affirmative defenses as is his right and should not be deemed an admission of infringement.

## I. FAILURE TO MITIGATE DAMAGES

Great Trunk Archive has made no attempt to mitigate any actual or perceived damages, including but not limited to sending out DMCA take-down notices to the ISP for the IP address. The cost of sending DMCA notices is practically nil compared to the cost of filing a lawsuit and the process of sending DMCA notices can be automated. The sending of DMCA notices to the ISP can result in the termination of the Internet account, solving the alleged problem for Trunk Archive.

## II. STANDING

Trunk Archive lacks standing to bring these claims as they are not the owner of the copyright and does not have exclusive license to the works at issue. See *Great Trunk Archive Inc. v. Cascade Dig. Media*, 6:20-cv-00009-MK (D. Or. Jul 15, 2021) "*...In sum, Plaintiff has provided no documents to show that it acquired exclusive rights to the Images at issue in this proceeding. Plaintiff, therefore, does not have standing to bring this action...*"

## III. STATUTE OF LIMITATIONS

Trunk Archive's claims are time-barred The bar date is three years before the filing of this lawsuit or 8/8/2022. Trunk Archive employed Higbee at least as early as July 15, 2021 (see Oregon District Court decision above). Higbee had made demands on Bailey and Rabercom alleging copyright infringement as early as August 20, 2020 via a "Lexi Kreuz – Claims Resolution Specialist". Higbee, as agent for Trunk Archive had actual and/or constructive knowledge of all publications on the Eurweb.com website at least on August 20, 2020. As such Higbee had actual and/or constructive knowledge of the alleged infringements in this complaint on at least August 20, 2020 such knowledge that is imputed to Trunk Archive as Higbee is the agent for Trunk Archive, and, as such, the claims of copyright infringement are time barred under 17 U.S.C § 507(b).

## BAILEY AND RABERCOM 'S PRAYER FOR RELIEF

Bailey and Rabercom respectfully prays and judgment entered as follows on the counterclaim:

    A. That Bailey and Rabercom did not infringe Trunk Archive's works, Trunk Archive does not have the authority (standing) to litigate these claims, and Trunk Archive failed to mitigate their damages.

    B. That Bailey and Rabercom is the prevailing party under the Copyright Act;

    C. That Bailey and Rabercom be entitled to reasonable attorney fees under the Copyright Act;

    D. That Bailey and Rabercom be entitled to costs of suit; and

    E. That Bailey and Rabercom be entitled to any other relief that this Court may allow.

|     |     |
| --- | --- |
| 1   | Respectfully submitted, |
| 2   | Dated: September 21, 2025      /s/ J. Curtis Edmondson |

Dated: September 21, 2025      /s/ J. Curtis Edmondson
                                J. Curtis Edmondson
                                Edmondson IP Law
                                Attorney for Defendant Bailey and Rabercom

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

11

## DEMAND FOR JURY TRIAL

Bailey and Rabercom hereby demand a trial by jury.

Respectfully submitted,

Dated: September 21, 2025

/s/ J. Curtis Edmondson
J. Curtis Edmondson
Edmondson IP Law
Attorney for Defendant Bailey and Rabercom